UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO BANK N.A., | Case No. 1:24-cv-00809-KES-EPG |
| Plaintiff, | |
| v. | ORDER SETTING DEADLINE RE: DEFAULT JUDGMENT |
| BRING TRANSPORT INC., et al., | |
| Defendants. | (ECF Nos. 9, 10) |

Plaintiff filed this action on July 11, 2024, and has since sought and obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a) against Defendants Bring Transport Inc. and Gurpreet Singh Bring. (ECF Nos. 9, 10). Given the Clerk's entry of default, the Court will set a deadline for Plaintiff to move for default judgment under Rule 55(b)(2).[1] Additionally, the Court advises Plaintiff of the following basic requirements for a motion for default judgment.[2]

The motion must establish proper service on Defendants and the Court's jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process."). Notably here, the

---

[1] Alternatively, if Plaintiff believes a default judgment by the Clerk is appropriate under Rule 55(b)(1), Plaintiff may file such a request.

[2] This order does not purport to advise Plaintiff of all applicable requirements.

1

proof of service documents assert that Defendants were served by substituted service at a private postal center. (ECF Nos. 7-8). Plaintiff must identify which service provisions govern and specify how they were satisfied.

The motion must address the relevant factors regarding default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting seven factors that courts may consider before exercising discretion to enter default judgment). Here, the complaint identifies five counts. Plaintiff must independently address each count for which recovery is sought and address whether recovery on any count means that it cannot recover on another.

Further, the motion must support any request for attorney fees, costs, and prejudgment interest. *See In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008) (noting party seeking attorney fees and costs must specify basis for such award); *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) ("Whether prejudgment interest is permitted in a particular case is a matter of statutory interpretation, federal common law, and, in some instances, state law."); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Here, Plaintiff must identify the recovery sought under the complaint, specify the authority that supports it, and explain how any monetary amount sought is justified.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff has until September 30, 2024, to move for default judgment against Defendants.
2. Plaintiff's motion for default judgment shall provide developed argument, including citation to the record and relevant legal authority, in addressing the requirements discussed above and any other applicable requirements. *See* Fed. R. Civ. P. 7(b)(1)(B) (noting that motions must "state with particularity the grounds for seeking the order).
3. The initial scheduling conference set for October 22, 2024, at 10:00 a.m. is VACATED, along with related deadlines. (ECF No. 6).

IT IS SO ORDERED.

Dated: **August 27, 2024**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

2