UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BMO BANK N.A.,

Plaintiff,

v.

BRING TRANSPORT INC, et al.,

Defendants.

Case No. 1:24-cv-00809-KES-EPG

ORDER PERMTTING SUPPLEMENTAL BRIEF AS TO SERVICE

(ECF No. 12)

This matter is before the Court on the motion for default judgment filed by Plaintiff BMO Bank N.A. (ECF No. 12). Despite the Court previously advising Plaintiff to "identify which service provisions govern and specify how they were satisfied," Plaintiff has failed to do so in its motion for default judgment. (ECF No. 11, p. 2). Accordingly, the Court will permit Plaintiff to file a supplemental brief in support of its motion, specifically, to address how service was achieved on the two Defendants (1) Bring Transport Inc and (2) Gurpreet Singh Bring.

"Before assessing the merits of a default judgment," a court must address certain preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No. 20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25, 2021). Here, Plaintiff's motion summarily states that Defendants were served via California Civil Procedure Code § 415.20(a) by leaving the summons and complaint with managers at a postal station who were at least 18 years old and informed of the papers' contents. (ECF No. 12, p. 2).

But there are several apparent issues with this argument. First, the cited service provision, § 415.20(a) only applies to corporations and other entities, not to individuals. *NewRez LLC v. Brosnan*, No. CV 22-8822-MWF (MAAx), 2023 WL 5506000, at *3 (C.D. Cal. July 7, 2023) (noting that § 415.20 does not apply to individuals). Accordingly, while it is possible this provision may apply Bring Transport Inc, a corporation, it does not appear to apply to Gurpreet Singh Bring, who is an individual.

Next, § 415.20(a) has several requirements:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a). Here, Plaintiff's motion for default judgment does not address these requirements, such as explaining or providing proof that the postal mangers were "informed of the contents thereof." *See Block v. California-Fresno Inv. Co.*, No. 1:22-CV-01419-JLT-SAB, 2023 WL 3062112, at *9 (E.D. Cal. Apr. 24, 2023), *report and recommendation adopted*, 2023 WL 3582344 (E.D. Cal. May 22, 2023) (concluding that boilerplate and conclusory statements about informing person of general nature of papers was insufficient to establish service).

Additionally, the Court notes that there are other service provisions that may be applicable, but which Plaintiff does not address.[1] For example, if service is made under § 415.20, a separate provision, § 417.10(a), requires an affidavit showing that various requirements were met:

> If served under Section 415.10, 415.20, or 415.30, by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the

[1] This order does not purport to advise Plaintiff of all potentially applicable service provisions; rather, it is Plaintiff's responsibility to identify and explain how all relevant provisions have been met.

> summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.

Cal. Civ. Proc. Code § 417.10(a).

In turn, § 412.30 provides as follows:

> In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)." If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.
>
> If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be.

Cal. Civ. Proc. Code § 412.30.

Lastly, the Court notes that Plaintiff appears to indicate that both Defendants were served at a private mailbox. If so, the Court notes that a different provision governing private mailboxes may apply:

> Notwithstanding subdivision (b), if the only address reasonably known for the person to be served is a private mailbox obtained through a commercial mail receiving agency, service of process may be effected on the first delivery attempt by leaving a copy of the summons and complaint with the commercial mail receiving agency in the manner described in subdivision (d) of Section 17538.5 of the Business and Professions Code.

Cal. Civ. Proc. Code § 415.20(c). However, Plaintiff does not appear to rely on this provision and does not explain how all applicable service requirements related to it have been met.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff shall have thirty days from the entry of this order to file a supplement brief, no longer than ten pages including exhibits, identifying the specific provisions under which service was achieved for each Defendant and explaining how all requirements of the applicable provisions were met.

\\\

2. If Plaintiff chooses not to file a supplement, or files a supplement that fails to comply with this order, the Court may recommend that the motion for default judgment be denied.

IT IS SO ORDERED.

Dated: **December 17, 2024**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE