UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO BANK N.A.,<br><br>    Plaintiff,<br><br>v.<br><br>BRING TRANSPORT INC, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00809-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED WITHOUT PREJUDICE, THAT THE CLERK'S ENTRY OF DEFAULT BE VACATED, AND THAT PLAINTIFF BE GIVEN A NEW DEADLINE TO SERVE DEFENDANTS<br><br>(ECF Nos. 10, 12, 25)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

    This matter is before the Court on the motion for default judgment filed by Plaintiff BMO Bank N.A., which it later supplemented. (ECF Nos. 12, 25). Because the motion fails to establish that either Defendant—Bring Transport Inc or Gurpreet Singh Bring—was properly served in this case, the Court will recommend that the motion for default judgment be denied without prejudice, that the Clerk's entry of default be vacated, and that a new deadline be set for Plaintiff to serve Defendants.

**I.      BACKGROUND**

    Plaintiff filed this action against Defendants on July 11, 2024, alleging subject matter jurisdiction based on the parties' diversity of citizenship. (ECF No. 1, p. 2). Mainly, Plaintiff alleges that Defendants breached a loan agreement by failing to pay amounts due in connection with the financing of vehicles for Defendants' business. (*Id.* at 2-3).

After Defendants were purportedly served with process, but did not respond to the complaint or otherwise appear in the case, Plaintiff obtained a clerk's entry of default on August 26, 2024. (ECF No. 10). The next day, the Court issued an order that, among other things, set a deadline for Plaintiff to file a motion for default judgment. (ECF No. 11). This order advised Plaintiff about the main requirements needed to obtain a default judgment, among them, the need to provide specific argument as to the service provisions that govern and how they were met. (*Id.* at 1-2).

Plaintiff filed a timely motion for default judgment on September 26, 2024. (ECF No. 12). However, upon review of the motion, the Court issued an order giving Plaintiff the opportunity to file a supplement. (ECF No. 19). Notably, despite the Court's prior order previously advising Plaintiff of the need to properly address service, Plaintiff failed to do so in its motion for default judgment; accordingly, the Court provided additional instruction regarding specific service provisions that appeared to be implicated and gave Plaintiff another opportunity to address service. (ECF No. 19, p. 1, quoting ECF No. 11, p. 2). The Court advised Plaintiff that, if it filed "a supplement that fails to comply with this order, the Court may recommend that the motion for default judgment be denied." (ECF No. 19, p. 4).

On February 14, 2025, Plaintiff filed a supplement as to service, along with declarations as to service from the process server that Plaintiff used. (ECF Nos. 23, 24, 25).

**II.    ANALYSIS**

Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process."). Plaintiff "bear[s] the burden of proving proper service" in connection with the motion for default judgment. *Aussieker v. Lee*, No. 2:19-CV-00365-JAM-CKD (PS), 2020 WL 3961951, at *1 (E.D. Cal. July 13, 2020).

Accordingly, the Court considers whether Plaintiff has shown that either Defendant was properly served.

### A. Bring Transport Inc.

The Court begins with Defendant Bring Transport Inc, which is alleged to be a California corporation with its principal place of business at 4460 W. Shaw Avenue # 908, Fresno, California 93722. (ECF No. 1, p. 2). Plaintiff contends that this Defendant was served in compliance with California Civil Procedure Code § 415.20(a). (ECF No. 25, p. 2); s*ee* Fed. R. Civ. P. 4(h)(1)(A) (permitting service on a corporation by following state law for serving a summons in the state where the district court is located or where service is made). This provision provides as follows:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a).

Along with the supplement, Plaintiff has provided a declaration of the process server stating that Defendant Bring Transport Inc was served by "a private postal box company which is also popularly known as the UPS Store." (ECF No. 23, p. 2). The declaration states that the summons and complaint were left with "the person apparently in charge at said UPS Store that day," a person named Mr. Bedoyan, who was "informed . . . of the contents of the [d]ocuments." (*Id.*).

Even assuming, *arguendo*, that Plaintiff fully complied with § 415.20(a), the Court notes that there are other service provisions that apply in conjunction with § 415.20(a). For example, if service is made under § 415.20, a separate provision, § 417.10(a), requires an affidavit showing that various requirements were met:

> If served under Section 415.10, 415.20, or 415.30, by the affidavit of the person

> making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, *and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear*.

Cal. Civ. Proc. Code § 417.10(a) (emphasis added).

In turn, § 412.30 provides as follows:

> In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)." If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.
>
> If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be.

Cal. Civ. Proc. Code § 412.30.

Here, neither Plaintiff's motion, nor the declaration, provides any information that the notice required by § 412.30 was provided in this case. Thus, Plaintiff has failed to establish service on Defendant Bring Transport Inc. *See Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.*, No. 19-CV-06399-LHK, 2020 WL 4207445, at *6 (N.D. Cal. July 22, 2020) ("In the instant case, Plaintiff fails to address whether he complied with Section 412.30. Indeed, Plaintiff failed to file an affidavit claiming as much, and Plaintiff also does not allege that the copy of the summons served included the notice required under Section 412.30. As a result, 'no default may be taken' against Defendant. Cal. Civ. Proc. Code § 412.30.").

### B. Gurpreet Singh Bring

The Court turns to Defendant Gurpreet Sing Bring, who is alleged to be the owner, among other things, of Bring Transport Inc. (ECF No. 1, p. 2). Plaintiff contends that this Defendant was

4

served in compliance with California Civil Procedure Code § 415.20(c). (ECF No. 25, p. 3).[1]

However, the Court cannot address this provision without addressing another, § 415.20(b), which provides as follows:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b).

In turn, § 415.20(c), referencing § 415.20(b), provides as follows:

> Notwithstanding subdivision (b), if the only address reasonably known for the person to be served is a private mailbox obtained through a commercial mail receiving agency, service of process may be effected on the first delivery attempt by leaving a copy of the summons and complaint with the commercial mail receiving agency in the manner described in subdivision (d) of Section 17538.5 of the Business and Professions Code.

Cal. Civ. Proc. Code § 415.20(c).

Summarized, § 415.20(b) provides for substituted service if an individual cannot be personally served with reasonable diligence, and § 415.20(c) provides that service of process may be effected on the first attempt in cases where the only address reasonably known for the person to be served is a private mailbox.

Along with the supplement, Plaintiff has provided a declaration of the same process server, which states that Defendant Gurpreet Singh Bring was served at the same UPS Store by

---

[1] Plaintiff's motion for default judgment asserted that Defendant Gurpreet Bring was served under § 415.20(a). (ECF No. 12, p. 2). However, Plaintiff's supplement no longer relies on this provision, instead citing § 415.20(c). The Court construes this as an abandonment of the argument that § 415.20(a) applies. However, to the extent that Plaintiff intends to rely on § 415.20(a), as explained in the Court's prior order, this provision applies to corporations and other entities, not individuals. (ECF No. 19, p. 2) (citing *NewRez LLC v. Brosnan*, No. CV 22-8822-MWF (MAAx), 2023 WL 5506000, at *3 (C.D. Cal. July 7, 2023) (noting that § 415.20(a) applies to corporations and § 415.20(b) applies to individuals).

leaving the documents with a person named Christina Colmenero, who is purportedly a manager of the store. (ECF No. 24, pp. 2-3). This was after the process server tried to personally serve Plaintiff at the UPS store twice before.

The Court concludes that Plaintiff has failed to demonstrate reasonable diligence in trying to personally serve Defendant Gurpreet Singh Bring before resorting to substituted service. *Joe Hand Promotions, Inc. v. Saddeldin*, No. 1:09-CV-02197-AWI, 2014 WL 1877428, at *7 (E.D. Cal. May 9, 2014), *report and recommendation adopted*, 2014 WL 2547693 (E.D. Cal. June 5, 2014) ("California law allows for substitute service only if the plaintiff has exercised reasonable diligence to personally serve the defendant and if the substitute service is reasonably calculated to give the defendant actual notice of the lawsuit at issue.").

Plaintiff states as follows in its supplement:

> The business address, as well as Gurpreet Bring's address as an individual and agent for service of process is all the same address of *4460 W. Shaw Avenue #908, Fresno, California 93722. This address is the only address given to Plaintiff by both Defendants*, as set forth on the Loan and Security Agreement executed by Bring Transport Inc, and the Guaranty executed by Gurpreet Bring, again as an individual guarantor. Plaintiff and its counsel never received any returned mail from the post office after all of the required mail notices that were provided in this matter. As such, the service address shall be deemed appropriate as to both defendants.

(ECF No. 25, p. 2) (emphasis added).

However, Plaintiff's assertion that the UPS store is the only address known for both Defendants is incorrect, as evidenced by Plaintiff's own complaint, which states as follows: "Defendant GURPREET SINGH BRING ("BRING") is a citizen of the State of California residing at *5236 N. Valentine Avenue #103, Fresno, California 93711*." (ECF No. 1, p. 2) (emphasis added).

Here, there is no indication that Plaintiff attempted to personally serve Defendant Gurpreet Singh Bring at his residential address on N. Valentine Avenue.[2] Thus, Plaintiff has failed to establish service on Defendant Gurpreet Singh Bring. *G & G Closed Cir. Events, LLC v. Saddeldin*, No. 1:10-CV-00062-AWI, 2014 WL 631613, at *6 (E.D. Cal. Feb. 18, 2014)

---

[2] While unclear, Plaintiff provides what may be yet other addresses—6407 W. Portola Avenue, Fresno, CA and 7572 N. Vista Avenue, Fresno, CA—for Defendant Gurpreet Singh Bring in its supplement. (ECF No. 25, pp. 10-11).

6

("However, reasonable diligence in attempting personal service is not shown where the residential address of a defendant is readily and publicly available, but the plaintiff elects to attempt personal service at a business location with only a tangential and presumptive connection to the defendant. Here, there was no showing by Plaintiff regarding the attempt to locate Ormonde's residential address; there is only a statement by the process server that it was unknown at the time of service."); *Joe Hand Promotions*, 2014 WL 1877428, at *8 ("Plaintiff failed to investigate the most logical place to effect personal service on the Defendant, i.e. his home, and instead chose to effect substitute service at a restaurant with only a suspected and unverified connection to him, thereby diminishing the likelihood that the Defendant would actually get notice of the lawsuit. These facts compel the conclusion that Plaintiff did not make a reasonably diligent effort to personally serve the Defendant, resorting instead to substitute service that was not reasonably calculated to give actual notice of the instant lawsuit to Defendant.").

### III.    CONCLUSION AND RECOMMENDATIONS

As explained above, Plaintiff has failed to establish proper service on either Defendant. And without having served Defendants, Plaintiff cannot obtain a default judgment.

The Court notes that Plaintiff's supplement contains the following request: "In the event the court denies Plaintiff's Motion for Default Judgment without prejudice, then Plaintiff requests additional time to effectuate proper service on the Defendants." (ECF No. 25, p. 5). The Court will recommend granting this request.

Accordingly, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for default judgment (ECF No. 12; *see* ECF No. 25) be denied without prejudice.
2. The Clerk's entry of default be vacated due to Plaintiff failing to establish service. (ECF No. 10).
3. Plaintiff be given 90 days from the date that the assigned District Judge issues a final ruling on the motion for default judgment to serve Defendants.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 27, 2025**            /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE