UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO BANK N.A.,<br><br>        Plaintiff,<br><br>   v.<br><br>BRING TRANSPORT INC, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-00809-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED, IN PART<br><br>(ECF No. 32)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Plaintiff BMO Bank N.A. moves for default judgment against Defendants Bring Transport Inc (Transport) and Gurpreet Singh Bring (Bring) on state law breach of contract claims. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). For the reasons given below, the Court will recommend that Plaintiff's motion for default judgment be granted, in part.

**I.    BACKGROUND**

      Plaintiff filed its complaint on July 11, 2024. (ECF No. 1). It alleges that it entered into an agreement concerning Defendant Transport's (a commercial trucking company) purchase of business equipment, resulting in a $126,433.60 loan to Transport with Defendant Bring (the owner and CEO of Defendant Transport) guaranteeing the loan. (*Id.* at 2-3). In connection with the loan, Defendant Transport granted Plaintiff a first-priority security interest in the equipment at issue, "a 2023 CIMC 53' Reefer . . .with 2022 Thermo King S600." (*Id.* at 3). At the time of filing the complaint, Plaintiff had not recovered the vehicle at issue. (*Id.* at 4).

Defendants defaulted under the terms of the agreement and guaranty by failing to make loan payments. (*Id.* at 3-4). Plaintiff asserts that, under the terms that the parties agreed to, it is owed interest, late fees, and attorney's fees. (*Id.* at 4). It brings five "counts" (1) injunctive relief generally concerning Defendants' ability to access the equipment, including enjoining Defendants from using the equipment; (2) specific performance of Defendants' obligations under the agreement; (3) claim and delivery of the equipment; (4) breach of contract and damages against Defendant Transport; and (5) breach of contract against Defendant Bring. (*Id.* at 5-9).

After Defendants failed to respond to the complaint, Plaintiff obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a). (ECF No. 10). Plaintiff moved for default judgment on September 26, 2024. (ECF No. 12). However, after supplemental briefing, the Court issued findings and recommendations to deny the motion without prejudice due to Plaintiff's failure to properly serve Defendants. (ECF No. 25, 26). On July 28, 2025, the assigned District Judge adopted the findings and recommendations and denied Plaintiff's motion for default judgment. (ECF No. 36).

After obtaining another clerk's entry of default, Plaintiff timely filed the instant motion for default judgment (*i.e.*, its second motion for default judgment) on July 9, 2025. (ECF Nos. 30, 31, 32). In support of the motion, Plaintiff submits (1) the declaration of a litigation specialist that it employs, attaching various documents, such as the agreement and guaranty at issue; and (2) the declaration of its counsel, including counsel's billing timesheets for this case. (ECF Nos. 33, 34)

Neither Defendant has responded to the motion, appeared, or otherwise participated in this case. On August 8, 2025, the Court vacated the hearing set for the motion, noting that it would address the motion on the papers. (ECF No. 37).

**II.    LEGAL STANDARDS**

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a default judgment against a defendant who has failed to defend a case. Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment lies within the Court's discretion. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Factors (*i.e.*, the *Eitel* factors) that may be considered in determining whether to enter default judgment include the following:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake

2

in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

### III. DISCUSSION

The Court first addresses its subject matter jurisdiction for entering default judgment and personal jurisdiction over Defendants. The Court will then examine the *Eitel* factors and the terms of the proposed judgment.

**A. Jurisdiction and Service of Process**

**1. Subject matter jurisdiction**

Plaintiff's complaint alleges subject-matter jurisdiction under 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." § 1332(a)(1). (ECF No. 1, pp. 1-2).

The amount sought is greater than $75,000. (*Id.* at 3-4; *see* ECF No. 32, p. 11). Therefore, the minimum amount in controversy required for diversity jurisdiction is satisfied.

Plaintiff and Defendants are also diverse in citizenship. National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity jurisdiction, a bank is "located" in the state designated in its articles of association as its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). And under

3

§ 1348, "a national bank is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014).

In the complaint, Plaintiff states that it "is a national association with its main office, as set forth in its articles of association, located in Chicago, Illinois." (ECF No. 1, p. 2). Therefore, for purposes of diversity jurisdiction, Plaintiff is located in Illinois and is a citizen of Illinois.

A corporation is "a citizen of any State in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The complaint alleges that Defendant Transport "is a corporation organized under the laws of the State of California with its principal place of business located at 4460 W. Shaw Avenue #908, Fresno, California 93722." (ECF No. 1, p. 2). Therefore, Defendant is a California citizen.

Individuals are deemed to be citizens "by [their] state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The complaint alleges that Bring "is a citizen of the State of California residing at 5236 N. Valentine Avenue #103, Fresno, California 93711." (ECF No. 1, p. 2). Therefore, Bring is a California citizen.

Accordingly, Plaintiff has established that the Court has diversity jurisdiction in this case.

### 2. Personal jurisdiction

"A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d at 712. "Serving a summons . . . establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(A). There are two main types of personal jurisdiction, general and specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 122, 126-127 (2014) (discussing differences between general and specific jurisdiction). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)

Here, the Court finds that it has general jurisdiction over Defendants. As noted above, Defendant Transport is incorporated in California with its principal place of business in California and Defendant Bring is domiciled in California.

\\\

4

Turning to service, Federal Rule of Civil Procedure 4(e)(2)(A) provides that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Under Rule 4(h)(1)(B), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Plaintiff has submitted the declarations of a process server stating that Defendant Bring (in his individual capacity) was served by personally delivering the summons and complaint to him on May 12, 2025, and Defendant Transport was served on the same date by the delivery of the summons and complaint on Bring in his capacity as the CEO of Defendant Transport. (ECF Nos. 27, 28).

Accordingly, the Court finds that Plaintiff has complied with Rule 4. *See Geller v. World Tech*, No. 5:11-CV-01732 EJD, 2011 WL 5825928, at *2 (N.D. Cal. Nov. 17, 2011) (finding service proper under Rule 4(h)(1)(B) when service was made on the CEO of a corporation).

### B. *Eitel* Factors

#### 1. Prejudice to Plaintiff

Turning to the *Eitel* factors, Plaintiff argues that it will be prejudiced if judgment is not entered "because Defendants refused to participate in the action and ha[ve] made default judgment the sole avenue of relief available to Plaintiff." (ECF No. 32, p. 9).

The Court agrees. If default judgment is not entered, Plaintiff will effectively be denied relief, as it is apparent that Defendants will not defend this action and the complaint alleges that Defendants are in default of the unpaid amounts owed to Plaintiff under the terms of the agreement and corresponding guaranty. Accordingly, this *Eitel* factor weighs in favor of granting default judgment.

#### 2. Substantive merits and sufficiency of complaint

As to the second and third *Eitel* factors, Plaintiff argues that the elements of breach of contract are met. (*Id.* at 9).

For the second and third *Eitel* factors, the Court weighs the merits of the substantive claims and the sufficiency of the operative complaint. *Eitel*, 782 F.2d at 1471-72. Essentially, these "factors require [a] plaintiff to state a claim on which plaintiff can recover." *OL USA LLC v.*

*TTS Int'l LLC*, No. 2:21-CV-1541 WBS DB, 2022 WL 2208527, at *2 (E.D. Cal. June 21, 2022), *report and recommendation adopted*, 2022 WL 4450658 (E.D. Cal. Sept. 23, 2022).

Plaintiff lists five "counts" in the complaint: (1) injunctive relief; (2) specific performance; (3) claim and delivery; (4) breach of contract against Defendant Transport; (5) breach of contract against Defendant Bring. (ECF No. 1, pp. 5-9)). However, only the breach of contract claims present a viable a cause of action. The other three listed causes of action are remedies. *See Mesa Shopping Ctr.-E., LLC v. O Hill*, 232 Cal. App. 4th 890, 901 (2014) ("But it must be recalled that specific performance and injunctive relief are equitable remedies and not causes of action for injuries.") (quotation marks and citation omitted); *Ananda Church of Self-Realization v. Mass. Bay Ins. Co.*, 95 Cal. App. 4th 1273, 1276 (2002) ("[C]laim and delivery denominates a remedy rather than a tort.").

Plaintiff's motion for default judgment addresses only its breach of contract claims against Defendants. (ECF No. 32, p. 9). Thus, the Court assumes that Plaintiff has declined to seek injunctive relief, specific performance, or claim and delivery. (ECF No. 31, p. 2).

Turning to the contract claims, Plaintiff's motion for default judgment argues that there was a breach of contract under California law, but the Court notes that the parties' contract contains a choice of law provision for Illinois law. (*Compare* ECF No. 32, p. 9, with ECF No. 33, p. 12). Nevertheless, the Court need not resolve this issue because both California and Illinois law have essentially the same fundamental elements for breach of contract.

"Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: '(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)). Similarly, under California law, the elements of a breach of contract claim are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted).

The Court finds that Plaintiff has alleged sufficient facts for a claim for breach of contract

against Defendants under either California or Illinois law. As alleged in Plaintiff's complaint, Plaintiff and Defendants agreed to certain terms regarding a loan for business equipment, Plaintiff performed its obligations, Defendants failed to repay the loan, and Plaintiff suffered damages as a result of the breach. (ECF No. 1, pp. 2-9).

Accordingly, the Court finds that the second and third *Eitel* factors weigh in favor of granting default judgment.

### 3. Sum of money in relation to seriousness of conduct

Next, the Court considers the sum of money at stake in the action, with a lower sum weighing in favor of default judgment.

As will be discussed in detail below, Plaintiff requests a total of $83,490.24, which includes the remaining principal of the loan amount, interest, costs, and fees. (ECF No. 32, p. 11). The Court does not find this amount to be excessive as it is based upon Defendants' obligations under the terms of the agreement.

Accordingly, the Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4. Possibility of dispute

No genuine issue of material fact is likely to exist. Defendants have not responded to the complaint, and Plaintiff has adequately alleged breach of contract by Defendants. Accordingly, the Court finds that the fifth *Eitel* factor weighs in favor of granting default judgment.

### 5. Whether the default was due to excusable neglect

The Court finds that the default in this matter was not due to excusable neglect. Defendants were served with notice of the complaint and failed to respond. Accordingly, the Court finds that the sixth *Eitel* factor weighs in favor of granting default judgment.

### 6. Policy favoring decision on the merits

Default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "the policy favoring decisions on the merits does not weigh against entering default judgment where, as here, the Defendants' failure to appear has made a decision on the merits impossible at this juncture." *Arroyo v. J.S.T. LLC*, No. 1:18-CV-01682-DAD-SAB, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019), *report*

7

*and recommendation adopted*, 2020 WL 32322 (E.D. Cal. Jan. 2, 2020).

Accordingly, the Court finds that the seventh *Eitel* factor does not preclude default judgment.

### 7. Conclusion

In light of the discussion of all the *Eitel* factors, the Court recommends that default judgment be entered against Defendants.

### C. Terms of Judgment

Plaintiff's complaint seeks the unpaid principal, interest, various fees (including attorney's fees) and costs. (ECF No. 1, pp. 4-9). The agreements entered by the parties provides as follows:

> **5.2 Remedies.** Upon the occurrence of an event of default . . . Lender may, at its option, with or without notice to Debtor (i) declare this Agreement to be in default . . . Debtor agrees that Lender may bring legal proceedings to enforce the payment and performance of Debtor's obligations hereunder in any court in the State shown in Lender's address set forth herein, and service of process may be made upon Debtor by mailing a copy of the summons to Debtor at its address shown herein. Debtor shall also pay to Lender all expenses of retaking, holding, preparing for sale, selling and the like, including without limitation (a) the reasonable fees of any attorneys retained by Lender, and (b) all other legal expenses incurred by Lender. Debtor agrees that Debtor is liable for any deficiency remaining after any disposition of Equipment after default. . . .
>
> **5.3 Acceleration Interest.** Debtor agrees to pay Lender, upon acceleration of the above indebtedness, interest on all sums then owing hereunder at the rate of 1 1/2% per month if not prohibited by law, otherwise at the highest rate Debtor can legally obligate itself to pay or Lender can legally collect under applicable law.

(ECF No. 33, p. 11). Pursuant to the corresponding guaranty, Defendant Bring agreed to pay on demand all indebtedness owed by Defendant Transport, including all losses, costs, and attorney's fees. (*Id.* at 16).

### 1. Damages

As noted above, Plaintiff seeks default judgment and relief only as to its breach of contract claims.

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In determining the appropriate sum for a default judgment, a court may rely on the affidavits or documentary evidence submitted by the plaintiff or order an evidentiary hearing. *See* Fed. R. Civ.

8

P. 55(b)(2); *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1235 (E.D. Cal. 2008) ("Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing.") (citation omitted).

Under California law, the prevailing party in a breach of contract claim is entitled to recover "as nearly as possible the equivalent of the benefits of performance." *Lisec v. United Airlines, Inc.*, 10 Cal. App. 4th 1500, 1503 (1992). Moreover, a plaintiff is also entitled to prejudgment interest under California law. *See* Cal. Civ. Code § 3287(a) ("A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ."); *State of California v. Continental Ins. Co.*, 15 Cal.App.5th 1017, 1038 (2017) ("Under [§ 3287(a)], prejudgment interest is allowable where the amount due plaintiff is fixed by the terms of a contract . . . .") (citation omitted).

The following table illustrates all the monetary relief sought in this case.

| Description | Amount |
| --- | --- |
| Principal | $67,373.73 |
| Default Interest (with additional interest being awarded at the rate of $33.69 per day after June 4, 2025). | $6,738 |
| Late Charges | $749.21 |
| Return Item Fees | $185 |
| Post Acceleration Return Item Fee | $25 |
| Repossession Fees | $2,850 |
| Attorney's Fees | $4,717.50 |
| Costs | $851.80 |
| **TOTAL JUDGEMENT AMOUNT** | **$83,490.24** |

The Court will address the attorney's fees ($4,717.50) and costs ($851.80) separately below. (ECF No. 32, p. 7). With the exceptions noted below, the Court will recommend that Plaintiff be granted the requested relief.

As an initial matter, the Court notes that there are numerous inconsistencies in the motion

9

for default judgment and supporting documents. Beginning with the principal amount due, one part of the motion for default judgment identifies this amount as $74,217.92. (ECF No. 32, p. 5). However, elsewhere, the principal amount due is listed as $67,373.73.[1] (*Id.* at 7). Upon review of the record, the Court finds that $67,373.73 is the correct amount.

Notably, $74,217.92 was requested in Plaintiff's initial motion for default judgment. (ECF No. 12, p. 7). Comparing the initial motion for default judgment to the instant motion for default judgment reveals that they are almost identical. (*Compare* ECF No. 12, *with* ECF No. 32). It appears that Plaintiff used the original motion for default judgment as a template for the instant motion, failing to change the principal amount due in one section of the motion ($74,217.92) but putting the correct amount ($67,373.73) in another. Supporting the conclusion that the correct principal amount is $67,373.73 is a document called "Loan Damage Calculator"[2] attached to the declaration of Whitney Oliver, Plaintiff's litigation specialist.

This document reveals that the principal amount due was initially $74,217.92. (ECF No. 33, p. 28). However, after Plaintiff recovered and sold the equipment at issue in the loan,[3] a credit was applied, bringing the principal balance down to $67,373.73. (*Id.*). Accordingly, the Court will recommend that $67,373.73 be awarded for the unpaid principal.

There are also errors regarding the amounts of interest sought—*i.e.*, the motion for default judgment requests differing amounts, apparently based on Plaintiff reusing the original motion for default judgment as a template despite it containing outdated information. The Court need not identify each error, but as one example, the daily default rate of interest is identified as $37.11 per day in one part of the motion and as $33.69 in another. (ECF No. 32, pp. 5, 7).

As for the total amount of interest due thus far, the Court finds $6,738 is the correct amount. (ECF No. 32, p. 7). Once again, Plaintiff's "Loan Damage Calculator" document shows

---

[1] Likewise, the supporting declaration of Whitney Oliver also identifies the principal amount due as $74,217.92 and alternatively $67,373.73. (ECF No. 33, pp. 4, 6).

[2] The Court has omitted capitalization in these findings and recommendations when referring to the "Loan Damage Calculator" document.

[3] The motion for default judgment states that the equipment was recovered "and is currently for sale." (ECF No. 32, p. 8). However, this is incorrect, appearing to be an error based on Plaintiff copying outdated information from the initial motion for default judgment into the instant motion. Importantly, a document attached to the Oliver declaration shows that the equipment was sold for $26,000 in November 2024. (ECF No. 33, p. 26).

that $6,738 in interest had accrued up to June 4, 2025, the date the interest was last calculated, which is also the date that the Court set a deadline for Plaintiff to file a motion for default judgment. (ECF No. 33, p. 28; *see* ECF No. 31). As for the correct amount of interest accruing per day, the Court finds that it is $33.69 based on the "Loan Damage Calculator." Further, while the motion requests an award of $33.69 per day after August 27, 2024, up until judgment is entered, this is the incorrect date from which to calculate future interest. This date is based on the initial interest calculation from Plaintiff's initial motion for default judgment. (ECF No. 12, p. 7; ECF No. 13, p. 24). As noted above, the interest was recalculated for the instant motion for default judgment up to June 4, 2025, which is the correct date to use for additional interest calculations. Accordingly, the Court will recommend that $6,738 be awarded for unpaid interest, with a further award of $33.69 per day after June 4, 2025, up until judgment is entered.

Turning to the remaining monetary requests, they are not inconsistently presented in the motion for default judgment and are supported by the record. First, late charges of $749.21 are supported by the declaration of Whitney Oliver. (ECF No. 33, p. 4). Likewise, the requests for return item fees ($185), post acceleration return item fees ($25), and repossession fees ($2,850) are supported by Oliver's declaration and the "Loan Damage Calculator" document. (*Id.* at 6, 28). Accordingly, the Court will recommend that Plaintiff's requests for late charges ($749.21), return item fees ($185), post acceleration return item fees ($25), and repossession fees ($2,850) be granted.

### 2. Attorney's fees and costs

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). California Civil Procedure Code § 1021 provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Further, "parties to actions or proceedings are entitled to their costs[.]" Cal. Civil Proc. Code § 1021.

Here, the terms of the agreement provide that Plaintiff shall be entitled to reasonable attorney's fees and costs incurred to enforce the contract. (ECF No. 33, p. 11). Thus, the Court finds that Plaintiff is entitled to attorney's fees and costs under California law.

11

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler,* 22 Cal.4th 1084, 1095 (2000). "[W]hen determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also PLCM Group*, 22 Cal.4th at 1095 ("The reasonable hourly rate is that prevailing in the community for similar work."). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The trial court is given "broad authority to determine the amount of a reasonable fee." *PLCM Group*, 22 Cal.4th at 1095.

Here, Plaintiff's counsel, Ken I. Ito, seeks attorney's fees in the amount of $4,717.50 for work performed (including 1.5 hours anticipated additional work) at his hourly rate of $325.00 per hour. (ECF No. 32, p. 7; ECF No. 34, p. 3). Plaintiff also seeks a total of $851.80 in costs, which consists of the filing fee and service of process. (*Id.*). In support of the fee and cost request, Plaintiff submits the Oliver declaration, Attorney Ito's declaration, a timesheet, and itemized expenses. (ECF Nos. 33, 34).

Attorney Ito's declaration states that he has 13 years of litigation experience with an emphasis in creditors' rights and business and commercial litigation. (ECF No. 34, p. 3). The attached timesheet lists the tasks performed in this case. (*Id.* at 6-21). Upon review, the Court does not see a total of Attorney Ito's hours work listed in the motion for default or Attorney Ito's declaration. (*See* ECF Nos. 32, 34). However, dividing $4,717.50 by $325 per hour equals about 14.5 hours, which the Court understands Attorney Ito to be representing that he spent in connection with the motion for default judgment, and this includes the 1.5 hours that counsel states he anticipates needing to finalize and obtain default judgment. (ECF No. 34, p. 3).

The Court finds the requested hourly rate of $325 to be reasonable in light of the hourly rates awarded in the Eastern District. *See BMO Harris Bank N.A. v. Ronsher Trans*, No. 1:23-cv-00369-ADA-SAB, 2023 WL 4234665 at *10 (E.D. Cal. June 28, 2023) ("Hourly rates for attorney fees awarded in the Eastern District of California range from $200-$750, with hourly

12

rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years.") (collecting cases). The Court concludes that Attorney Ito's rate for work performed in this case is reasonable in light of Attorney Ito's thirteen years of experience. *See Siafarikas v. Mercedez-Benz USA, LLC*, No. 2:20-cv-01784-JAM-AC, 2022 WL 16926265, at *3 (E.D. Cal. Nov. 10, 2022) (approving the hourly rate of $250 for an attorney "who has practiced law for three years" and $500 for an attorney "who has practiced law for 21 years").

The Court also concludes that the hours expended in this matter, resulting in an award of $4,717.50, are reasonable. Specifically, the Court notes that other courts in this district have awarded Attorney Ito fees ranging from $3,410.00 to $6,725.50 for his work on similar cases involving default judgment. *See BMO Harris Bank, N.A. v. Jasvinder Singh*, No. 1:23-cv-00067-JLT-BAM, ECF Nos. 15, 16 (awarding Attorney Ito $6,725.50 in attorney's fees); *BMO Harris Bank N.A. v. Laddi Truck Lines, Inc., et al.*, No. 1:23-cv-00070-ADA-HBK, ECF Nos. 13, 16 (awarding Ito $3,410.00 in attorney's fees); *BMO Harris Bank N.A. v. Ronsher* Trans, *et al.*, No. 1:23-cv-00369-ADA-SAB, ECF No. 12, 16 (awarding Ito $4,922.50 in attorney's fees). Therefore, the Court finds that the total amount of attorney's fees sought here, $4,717.50, is warranted.

Based on the foregoing, the Court will recommend that Plaintiff be awarded attorney's fees of $4,717.50 and $851.80 for costs.

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons given, Plaintiff is entitled to default judgment in most respects. Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 32) be GRANTED, in part, as specified below:

    a. Judgment be entered in favor of Plaintiff BMO Bank N.A. against Defendants Bring Transport Inc and Gurpreet Singh Bring only as to Plaintiff's breach of contract claims.

    b. Plaintiff be awarded $83,490.24 total in monetary relief.

    c. Plaintiff be awarded $4,717.50 in attorney's fees and $851.80 in costs as part of the total award of $83,490.24.

         d.  Plaintiff be awarded prejudgment interest accrued at the daily rate of $33.69 for each day after June 4, 2025.

  2.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**September 9, 2025**__            /s/ *Erica P. Grosjean*
                                                          UNITED STATES MAGISTRATE JUDGE